JACK PERKO, State Bar No. 164529
email:  jack@jackperkolaw.com
LAW OFFICES OF JACK PERKO
26895 Aliso Creek Road, Suite B-66
Aliso Viejo, CA 92656
Telephone:  (949) 390-4442
Facsimile:  (949) 916-1039

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRODE <br><br>            Plaintiff, <br>     vs. <br><br> FEDERAL AVIATION ADMINISTRATION (DEPARTMENT OF TRANSPORTATION), LAURA MURILLO, BRADLEY GEE and DONNELL JOHNSON <br><br>          Defendants. | Case No. <br><br> **CIVIL ACTION** <br><br> **COMPLAINT FOR EMPLOYMENT DISCRIMINATION** <br><br> 1) Americans with Disabilities Act <br> 2) Title VII of the Civil Rights Act of 1964 <br> 3) California Fair Employment and Housing Act <br> 4) California Labor Code § 2802 <br> 5) 29 CFR § 778.217 <br><br> **[JURY TRIAL DEMANDED]** |

Plaintiff alleges the following:

## I.

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

## NATURE OF THIS ACTION

1.     This is an action for relief from employment discrimination in violation of the Americans With Disabilities Act of 1990 ("ADA"), as amended, California Fair Employment and Housing Act, the Civil Rights Act of 1964, as amended ("Title VII"), California Labor Code § 2802; and 29 CFR § 778.217.

2.     Plaintiff alleges that the defendants unlawfully discriminated against him on the basis of his mental and physical disabilities, failed to accommodate his disabilities and retaliated against him during his employment.

3.     Plaintiff seeks compensatory damages, punitive damages, reasonable attorney's fees and costs as remedies for the defendants' violation of his rights.

## II.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over all causes of action asserted against an agency of the Federal Government pursuant to 28 U.S.C. § 1346, and over claims pursuant to 28 U.S.C. § 1367 because all claims arise under a nucleus of common facts.  Jurisdiction is additionally proper pursuant to 28 U.S.C. § 1331 because the action involves Federal Questions under the ADA and Title VII.

5.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same

- 2 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

case or controversy and share common operative facts with the federal law claims, and the parties are identical.

6.     Venue in the Central District of California is proper pursuant to 28 U.S.C. § 1402 because the wrongful acts occurred in this judicial district.   Plaintiff was employed and worked in Costa Mesa, within the geographic jurisdiction of the Central District of California.

### III.

### **PARTIES**

7.     Defendant, FEDERAL AVIATION ADMINISTRATION ("FAA"), is an agency of the DEPARTMENT OF TRANSPORTATION and a governmental entity.

8.     Defendant  FAA had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII.

9.     Defendant FAA was also an "employer" within the meaning of the California Fair Employment and Housing Act ("FEHA").

10.    Plaintiff JOHN BRODE ("BRODE") resides in, and was employed in this judicial district by the FAA.

11.    Upon information and belief,  defendants LAURA MURILLO ("MURILLO"), BRADLEY GEE ("GEE") and DONNELL JOHNSON ("JOHNSON") were individuals residing in Orange County, and were employed by

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

Defendant FAA in managerial or supervisory positions.   Defendant FAA is liable for the acts of its employees, MURILLO, GEE and JOHNSON as set forth below.

12.    Collectively, the FEDERAL AVIATION ADMINISTRATION, LAURA MURILLO, BRADLEY GEE and DONNELL JOHNSON will be referred to as "Defendants" or "the Defendants" throughout this complaint.

## IV.

## AGENCY

13.    Upon information  and belief,  the individual defendants were the agents, employees and/or co-conspirators of the remaining defendants, and were acting in the course and scope of such agency and employment in doing the things herein alleged, were the actual and/or ostensible agents of the remaining defendants and were acting within the course and scope of said agency; and that each and every defendant, as aforesaid, when acting as a principal, was negligent in selecting, hiring, supervising and continuing the employment of each and every defendant as an agent, employee or joint venturer; and/or that said defendants approved, supported, participated in, authorized, and/or ratified the acts and/or omissions of said employees, agents, servants, conspirators, and/or joint venturers.

14.    Upon information and belief, at all times relevant hereto, defendants and their agents, employees, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment. To the extent that said

- 4 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

conduct and omissions were perpetrated by defendants and their agents, the defendants confirmed and ratified said conduct and omission.

15. Whenever and wherever reference is made to individuals who are not named as Plaintiff or defendants in this Complaint but were agents, servants, employees and or supervisors of defendants, such individuals at all relevant times acted on behalf of defendants within the course and scope of their employment.

**V.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). It has been more than 180 days since that filing and the EEOC has made no determination of the complaint.

17. Plaintiff additionally timely filed charges of discrimination with California Department of Fair Housing and Employment ("DFEH") which issued a right-to-sue letter.

18. On September 18, 2017, Plaintiff filed his complaint with the EEOC. On July 16, 2018, Plaintiff filed his charge of discrimination with the DFEH under the provisions of California Govt. Code § 12940 et seq. The DFEH issued a right-to-sue letter on July 16, 2018.

19. Pursuant to the work sharing agreement between the California Department of Fair Employment and Housing and the Equal Employment

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

Opportunity Commission, a charge filed with the DFEH is deemed to have been received by the EEOC on the same day pursuant to *Green v. Los Angeles County Superintendent of Schools (9th Cir. 1989) 883 F.3d at 1104*. Plaintiff has therefore exhausted his administrative remedies.

20.    Plaintiff timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

**VI.**

**<u>FACTUAL ALLEGATIONS</u>**

21.    Plaintiff JOHN BRODE is combat veteran who was seriously injured during conflict.   The injuries, especially the severe knee injuries to his knee made walking more difficult, and constitute a physical disability under the ADA and FEHA.

22.    Plaintiff's combat experiences resulted in his developing PTSD; additionally, BRODE has agoraphobia.   Both conditions constitute mental disabilities under the ADA and FEHA.

23.    Plaintiff was a member of a protected class within the meaning of Govt. Code § 12926(c) and Govt. Code § 12940(a), which prohibits employment discrimination based on a physical or mental disabilities.

24.    Plaintiff was also a member of a protected class under the American with Disabilities Act because of his physical or mental disabilities.

- 6 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

25.     Because of his disabilities, BRODE requires reasonable accommodations in order to perform the essential functions of any job.  One such necessary accommodation is his service dog for his PTSD.   Another such accommodation was needing some extra room for his legs while flying on aircraft, particularly commercial passenger aircraft.

26.     In June, 2016, BRODE was hired by the FAA as an Airway Transportation Systems Specialist, with Schedule A paperwork.

27.     BRODE brought his service dog to work.  From the start, Plaintiff was assigned different duties than coworkers due to either his disabilities or perceived disabilities, and was restricted from certain areas necessary for him to perform his job functions.  BRODE was told that it was because he had a service animal, which distracts other employees who want to pet her, and because his supervisor, Defendant MURILLO stated that she was "afraid of dogs."

28.     Defendant MURILLO  explained she had dealt with many service dogs that belonged to administrative employees who worked in cubicles, but that it was unusual for Plaintiff to have one and not be hidden away from other people in an office.   She also stated it was against the law to have a dog on an airfield because it was considered a "runway incursion", which was not true.

29.     Defendant MURILLO   required BRODE to produce certification papers for his service dog.  Plaintiff did so, but Defendants never processed the

- 7 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

paperwork, and the service dog was never authorized as an accommodation, even though she permitted BRODE to continue working with his dog, but was discouraged from doing so.   The fact was Defendant MURILLO didn't like dogs in general, including Plaintiff's well trained service dog.

30.    Due to his disabilities or perceived disabilities, BRODE was treated differently and perceived as someone who could not fully function, which was untrue.   His supervisors denied him the chance to perform, because he was not given the same opportunities as his peers.

31.    In September 2016 Defendant MURILLO asked BRODE about what restrictions he had due to his knee injury.  Defendants asked for a work function test and medical records.  Plaintiff was unfairly prohibited from taking a climbing class needed to be STARS system certified.   Defendant MURILLO  was in charge of scheduling Plaintiff's formal evaluation.   The formal evaluation was initially scheduled, but postponed, indefinitely, for no stated reason.   Defendant MURILLO later blamed Plaintiff, it was his fault somehow not following procedures totally unknown to him.

32.     Defendants required BRODE to tell management about his restrictions before undertaking any activity, so they could work it out.  This was discriminatory and unnecessary, and made it difficult for BRODE to perform his job.

33.    Defendants harassed BRODE numerous times over the next months.

- 8 -

34.     In March 2017, BRODE was required to take a commercial flight for training.     Plaintiff required reasonable accommodations to be able to do fly, including being able to bring his service dog with him, and being given a seat with additional room for his legs and knees (and his dog).   Plaintiff paid for the flight and put in for expense reimbursement. Defendants did not reimburse the cost.

35.     On April 17, 2017,  when BRODE asked about payment, and in response, his managers stated they wanted to investigate what happened because they had paid for business, and BRODE upgraded to a bulkhead seat without authorization.

36.     Harassment started immediately at that point.   MURILLO started calling BRODE "Tinkerbell" at work, sexually harassing and jeering him in front of the others. She continued to call him Tinkerbell many times, refusing to stop when asked, saying she was "sorry" while laughing in his face.

37.     The harassment continued, creating a hostile work environment that was ever-present.

38.     Defendant MURILLO told BRODE that he would be interviewed without a union representative because he a probationary employee.     Plaintiff feared termination and requested that he be interviewed with union representation. Defendants refused.

39.     The interview occurred on June 2, 2017.   MURILLO and GEE

- 9 -

questioned Plaintiff's character, preceded by yelling, screaming, bullying, badgering, all under threat of termination while they held a "non-Weingarten Interview".   Plaintiff was told repeatedly and emphatically that he did not have rights as a probationary employee.   It turned physical: GEE, red-faced angry and yelling got up rearing to strike BRODE with his right hand, cocking his arm to strike.  At that instant, suddenly couldn't hear anything, as severe pain shot through his chest, like a heart attack.  BRODE became overwrought and panicked that he asked permission to call his doctor for immediate medical care.  GEE denied permission, and MURILLO and GEE then spoke in private.  Plaintiff had to leave work, and was then taken off by his doctors.  He was rendered shocked to the extent he was unable to work.

40.    On or about June 23, 2017 Plaintiff was terminated by Defendant JOHNSON  while on a medical leave of absence.  Due to a procedural error, this action was invalidated.

41.    Although the termination was rescinded, by this time, the discrimination, harassment and retaliation, and the unfair termination had caused severe stress, and exacerbated his PTSD, in effect, a constructive termination.

42.    In July, 2017, BRODE was again terminated  while he was still on a medical leave of absence by Defendant GEE, with approval of Defendant JOHNSON.

- 10 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

# VII.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Disability Based Discrimination in Violation of
Americans with Disabilities Act of 1990
42 U.S.C. § 12203(a)

43.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

44.     At all times herein mentioned, Plaintiff was a qualified individual with a disability individual within the meaning of 42 U.S.C. § 12112(a) of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA").

45.     From the time of he began to work until his termination, Plaintiff was capable of performing the duties of his position with an accommodation with Defendant.

46.     From the time of he began to work on or about March 12, 2016 until his date of termination, Plaintiff requested that his medical restrictions be observed and that he be accommodated in order that he could perform the duties of his job position.  Plaintiff required a service dog due to his PTSD.

47.     During such time, Defendants continually, intentionally, and in a discriminatory manner refused to accommodate him, and instead terminated the Plaintiff.

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

48.    Plaintiff's termination was not based on any medical justification and was discriminatory as to Plaintiff.    Defendants terminated Plaintiff because of his disability.

49.    Such adverse employment actions by Defendants were in violation of the ADA.

50.    Following his termination, Plaintiff was replaced by a non-disabled individual.

51.    As a result of Defendants' actions, Plaintiff has suffered  injuries, including, but no limited to loss of pay, loss of benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries all of which he should be compensated.

52.    Plaintiff is further entitled to an award of statutory attorney's fees pursuant to 42 U.S.C. § 2000(e) et seq.  and 42 U.S.C. § 12117 et seq.

53.    By virtue of the allegations set forth in paragraphs 13  through 21, despite Defendant having been placed on notice of Plaintiff's disability and his necessity for reasonable accommodation, Defendant refused to provide said accommodation.

54.    As direct and proximate result of the said discrimination, Plaintiff sustained economic damages for past and perspective loss of earnings and benefits, according to proof.

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

55.     As a further and direct proximate result of said discrimination, Plaintiff sustained general damages for severe mental and emotional distress and for exacerbation of his physical disabilities, in sums prayed.

56.     Plaintiff is further entitled to an award of statutory attorney's fees pursuant to 29 U.S.C. § 794(a).

## SECOND CLAIM FOR RELIEF
Harassment  in Violation of Title VII of The Civil Rights Act of 1964,
*as amended*, 42 U.S.C. 2000(e) et seq.

57.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

58.     At all times herein mentioned, Plaintiff was a disabled individual as defined in EEOC regulation, 29 C.F.R. § 1614.203(a).

59.     From the time of he began to work on or about March 12, 2016 until his date of termination, Plaintiff was subjected to a pattern of harassment and outrageous conduct by his supervisors, Defendants MURILLO, GEE and JOHNSON, motivated by illegal animus based on Plaintiff's disability, including but not limited to pressuring Plaintiff not to take his service dog on trips.

60.     The foregoing conduct by Defendants, Defendants MURILLO, GEE and JOHNSON  was based on Plaintiff's disability and created an intimidating and hostile work environment. Such conduct constitutes illegal harassment in violation of federal law.

- 13 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

61.    Defendant  FAA is strictly liable for said harassment by Defendants MURILLO, GEE and JOHNSON  each were managerial employees who supervised Plaintiff.

62.    Defendant  FAA is also independently liable, because they knew or should have known, through supervisors and managerial employees, including the Human Resources Department, of the illegal harassment by employees and failed to take immediate and appropriate corrective action.

63.    By virtue of the conduct set forth above, said harassment was sufficiently severe and pervasive to affect the term or condition of his employment.

64.    As a direct and proximate result of said discriminatory harassment, Plaintiff sustained economic damages for past and perspective loss of earnings and benefits, according to proof.

65.    As a further direct and proximate result of said harassment, Plaintiff sustained general damages for severe mental and emotional distress, as well as an exacerbation of his disability, in sums prayed.

66.    Plaintiff is further entitled to an award of statutory attorney's fees pursuant to 42 U.S.C. § 2000(e) et seq.

### THIRD CLAIM FOR RELIEF
Retaliation in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. 2000(e) et seq.

- 14 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

67.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

68.    Plaintiff requested accommodations for his known disabilities and complained about the actions taken by Defendants and the course of conduct which created a hostile work environment, which he reasonably believed to be in violation of the rights granted to him under the A.D.A..   Plaintiff's actions in requesting accommodations and complaining were protected activities under both state and federal law.

69.    By virtue of the conduct set forth above, Plaintiff was subjected to unlawful retaliatory conduct, which commenced immediately after requesting accommodations, a protected activity, from which a retaliatory motive can be inferred.

70.    As a direct and proximate result of the said retaliation, Plaintiff sustained economic damages for past and future loss of earnings and benefits, in an amount to be proven at trial.

71.    As a further direct and proximate result of said retaliation, Plaintiff sustained general damages for severe mental and emotional distress, in addition to exacerbation of his physical disability, in sums prayed.

72.    Plaintiff is further entitled to statutory attorney's fees pursuant to 42 U.S.C. § 2000(e) et seq.

- 15 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

## FOURTH CLAIM FOR RELIEF

Employment Discrimination Based on Disability or Perceived Disability
in Violation of the California Fair Employment and Housing Act
Cal. Gov't Code § 12940 et seq

73.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

74.     Defendant engaged in unlawful employment practices in violation of the FEHA by terminating Plaintiff based on Plaintiff's disability or perceived disability, failing to engage in the interactive process in good faith to determine if Plaintiff could be given a reasonable and effective accommodation and failing to provide Plaintiff with a reasonable accommodation

75.     Plaintiff's disability was a motivating factor in the Defendant's decision to terminate Plaintiff's employment and other discrimination against Plaintiff in violation of Gov't. Code § 12940(a).

76.     As a direct and proximate result of Defendants' above-described discriminatory conduct in violation of the Fair Employment and Housing Act, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings, medical costs, and employment benefits in a sum to be proven at trial.

77.     As a further proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof at

- 16 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

the time of trial.

78.     In bringing this action, Plaintiff has been required to retain the services of counsel.  Pursuant to Govt. Code   § 12965(b), Plaintiff is entitled his reasonable attorney's fees according  to proof at trial.

## FIFTH CLAIM FOR RELIEF
Disability-Based Failure to Accommodate in
Violation of the California Fair Employment and Housing Act
Gov't Code § 12940 et seq

79.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

80.     Because of Plaintiff's disabilities, Defendants were required to provide reasonable and effective accommodations.   *Humphrey v. Memorial Hospitals Association* (2001) 239 F.3d 1128.

81.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed and or trained or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or Plaintiff's disability as it was perceived by Defendant, have been a danger to Plaintiff or any other person's health or safety.   Accommodation of Plaintiff's disability or disability as it was perceived by Defendant would not have imposed an

- 17 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

undue hardship on Defendant.

82.     Defendant failed to provide reasonable and effective accommodations to Plaintiff in violation of the California Fair Employment and Housing Act.

83.     As a direct and proximate result of Defendants' above-described discriminatory conduct in violation of the Fair Employment and Housing Act, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings, medical costs, and employment benefits in a sum to be proven at trial.

84.     As a further proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof at the time of trial.

85.     In bringing this action, Plaintiff has been required to retain the services of counsel.  Pursuant to Govt. Code   § 12965(b), Plaintiff is entitled his reasonable attorney's fees according  to proof at trial.

## SIXTH CLAIM FOR RELIEF
### Failure to Engage in a Good Faith, Interactive Process in Violation of the California Fair Employment and Housing Act

86.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

87.     California Government Code, § 12940(n), makes it illegal for an employer "to fail to engage in a timely, good faith, interactive process ("IAP") with

- 18 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

the employee . . . to determine effective reasonable accommodations, if any, in response to a request for …reasonable accommodation by an employee … with a known physical . . . disability…".

88.   There is no express requirement that an employee expressly request an accommodation if the employer is on notice of a potential need for accommodations to perform their jobs.   The California Code of Regulations  requires the employer to initiate the interactive process when put on notice of the potential need for an accommodation.   2 CCR § 11069 (b) provides:

"An employer or other covered entity *shall* initiate an interactive process when:

(1) an applicant or employee with a known physical or mental disability or medical condition *requests* reasonable accommodations, or

(2) the employer or other covered entity otherwise *becomes aware* of the need for an accommodation through a third party or by observation, or

(3) the employer or other covered entity becomes aware of the possible need for an accommodation because the employee with a disability has exhausted leave under the California Workers' Compensation Act, for the employee's own serious health condition under the CFRA and/or the FMLA, or other federal, state, employer or other covered entity leave provisions and yet the employee or the employee's health care provider indicates that further accommodation is still necessary for recuperative leave or other accommodation for the employee to perform the essential functions of the job."

89.   At all relevant times herein, Defendants were aware that Plaintiff had

- 19 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

physical and mental disabilities that affected his ability to perform his job, and Defendants were obligated to initiate an interactive process.

90.    Defendants failed to initiate or engage is a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations, in violation of the California Fair Employment and Housing Act.

91.    As a direct and proximate result of Defendants' above-described conduct , Plaintiff has suffered and will continue to suffer actual damages, including lost earnings, medical costs, and employment benefits in a sum to be proven at trial.

92.    As a further proximate result of said wrongful conduct, Plaintiff suffered humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof at the time of trial.

93.    In bringing this action, Plaintiff has been required to retain the services of counsel.  Pursuant to Govt. Code  § 12965(b), Plaintiff is entitled his reasonable attorney's fees according  to proof at trial.

## **<u>SEVENTH CLAIM FOR RELIEF</u>**

Retaliation in Violation of the California Fair Employment and Housing Act
Gov't Code § 12940 et seq

94.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

95.    Plaintiff requested accommodations for his known disabilities and complained about the actions taken by Defendants and the course of conduct which

- 20 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

created a hostile work environment, which he reasonably believed to be in violation of the rights granted to him under the Fair Employment and Housing Act.

96.   Plaintiff's actions in requesting accommodations and complaining were protected activities under both state and federal law.

97.   Plaintiff's protected activities were motivating factors for the Defendant's decision to retaliate against him and subject him to adverse employment actions.

98.   Plaintiff was subjected to unlawful retaliatory conduct, which commenced immediately after requesting  accommodations, a protected activity, from which a retaliatory motive can be inferred.

99.   Defendants actions against Plaintiff violated the Fair Employment and Housing Act.

100.   As a direct and proximate result of the Defendant's above-described violations of the Fair Employment and Housing Act, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits in an amount to be proved at trial.

101.   As a further direct and proximate result of the Defendant's above-described violations, Plaintiff has suffered and will continue to suffer emotional damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at trial.

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

102.   In bringing this action, Plaintiff has been required to retain the services of counsel.  Pursuant to California Gov't. Code § 12965(b), Plaintiff is entitled to his reasonable attorney's fees according to proof at trial.

### EIGHTH CLAIM FOR RELIEF
Failure To Indemnify for Necessary Expenditures
California Labor Code § 2802 and 29 CFR § 778.217

103.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

104.   Under state law, California Labor Code § 2802(a) requires an employer to indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties or from following the employer's directions.

105.   Under federal law, 29 CFR § 778.217 requires an employer to reimburse employees for required business related travel incurred by the employee.

106.   Plaintiff paid for travel expenses on a business trip he was required to make, including the cost of airfare on a commercial flight.  Reimbursing employees for business travel submitting proof of those expenses is ordinarily one of Defendant's routine business practices.

107.   The expenses incurred by BRODE for business travel were reasonable and appropriate to his need for reasonable accommodations of his known disabilities.

- 22 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

108.   Defendant FAA failed to reimburse Plaintiff for the travel expenses he paid.   Instead, Defendants MURILLO, GEE AND JOHNSON commenced an investigation, harassed Plaintiff, and terminated his employment.

109.   Under both state and federal law, BRODE is entitled to reimbursement of his travel expenses, reasonable attorney's fees and interest in enforcing his rights.

### NINTH CLAIM FOR RELIEF
Harassment (Hostile Work Environment) in Violation of the
California Fair Employment and Housing Act
Gov't Code § 12940 et seq

110.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

111.   Plaintiff is and was at all times material herein, had physical and mental disabilities and was therefore protected under the Fair Employment and Housing Act ("FEHA").

112.   Defendants were subject to the requirements of the FEHA and had a duty not harass Plaintiff based on his disabilities.

113.   Defendants harassed Plaintiff and subjected him to a hostile and offensive work environment and unfavorable and adverse treatment compared to similarly situated employees.

114.   Defendants' harassment of Plaintiff was persistent, and so pervasive as to create a hostile work environment.

- 23 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

115.   Defendants' actions against Plaintiff violated the Fair Employment and Housing Act.

116.   As a direct and proximate result of Defendants' above-described Plaintiff sustained actual damages, including lost earnings, medical costs and other employment benefits in an amount according to proof at trial.

117.   As a further direct and proximate result said conduct, Plaintiff has suffered and will continue to suffer severe emotional distress, and seeks damages in an amount according to proof at trial.

118.   In bringing this action, Plaintiff has been required to retain the services of counsel.  Pursuant to California Gov't. Code §  12965(b), Plaintiff is entitled to an award of attorney's fees according to proof.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

1.   For compensatory damages for actual damages for lost front and back pay, the value of employment benefits and other forms of compensation, medical expenses and all other expenses incurred;

2.   For prejudgment interest on all lost wages, other forms of employee compensation,  and unreimbursed business expenses;

3.   For compensatory damages for Plaintiff's emotional pain and anguish;

4.   For reimbursement of business travel expenses;

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

5.      For statutory attorneys' fees;

6.      For costs of suit herein incurred; and

7.      For such other and further relief that is just and proper.

### **JURY TRIAL DEMAND**

Plaintiff hereby demands trial by jury of the above cause.

Respectfully submitted,

*/s/**Jack Perko***

_____
Jack Perko, Attorney for Plaintiff
Law Offices of Jack Perko
26895 Aliso Creek Road, Suite B-66
Aliso Viejo, CA 92656
Telephone:  (949) 390-4442
Facsimile:   (949) 916-1039

- 25 -

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION